**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MIGUEL TORRES**,<br>　　　　　Plaintiff,<br>v.<br>**GENERAL MOTORS LLC, a limited liability company; and DOES 1 through 10 inclusive**,<br>　　　　　Defendants. | Case No.: 24-cv-02474-BEN-JLB<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

## I.　INTRODUCTION

Before the Court is Defendant General Motors LLC's ("GM") Motion to Dismiss the Complaint, filed on January 3, 2025, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 4). The Motion was originally noticed for hearing on February 3, 2025. However, the Court, exercising its discretion to manage its docket, vacated the hearing date *sua sponte* and took the matter under submission without oral argument.

Plaintiff was served with the Motion to Dismiss and, pursuant to the Civil Local Rules, was expected to respond within the time provided by the rules. Plaintiff has not filed any response or requested an extension of time. The Court now considers whether dismissal of the action is appropriate, considering the Court is not in receipt of any opposition. For the reasons discussed below, the Court GRANTS the Motion to Dismiss

WITHOUT PREJUDICE.

## II. PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in San Diego Superior Court on November 25, 2024. (ECF No. 1). Defendant GM removed the case to this Court on December 27, 2024, asserting federal jurisdiction under 28 U.S.C. § 1331. (ECF No. 1). On January 3, 2025, GM filed its Motion to Dismiss the Fourth and Fifth Causes of Action of the Complaint under Fed. R. Civ. P. 12(b)(6). (ECF No. 4). The hearing on the motion was initially set for February 3, 2025, but was vacated by this Court and taken under submission.

Under Civil Local Rule 7.1(e)(2), Plaintiff was required to file any opposition papers no later than fourteen (14) calendar days before the hearing date—on or before January 20, 2025. To date, no opposition has been filed.

## III. LEGAL STANDARD

Dismissal of an action is authorized under several provisions of the Federal Rules of Civil Procedure and the Civil Local Rules of this District when the deadline for filing a response has passed without any opposition appearing on the docket. Rule 12(b)(6) permits dismissal where a complaint fails to state a claim upon which relief can be granted. Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." *See* Fed. R. Civ. P. 41(b).

Civil Local Rule 7.1(e)(2) requires that opposition briefs be filed at least fourteen (14) calendar days before the hearing date. Rule 7.1(f)(3)(c) provides that in the event a party does not timely oppose a motion, this "may constitute a consent to the granting of a motion or other request for ruling by the court." Civil Local Rule 83.1(a) further authorizes dismissal.

The Ninth Circuit has repeatedly upheld dismissals in similar circumstances. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal where plaintiff [did not] comply with local rule requiring timely opposition); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (articulating five-factor test for dismissal under Rule 41(b)).
///

## IV. DISCUSSION

In *Henderson,* the Ninth Circuit identified five factors courts must consider in evaluating whether dismissal for lack of opposition is warranted: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendant, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Id*. at 1423.

All five factors support dismissal here. First, the absence of a timely opposition delays resolution and frustrates the public interest in efficient administration of justice. Second, the court's need to manage its docket weighs heavily in favor of dismissal, as procedural compliance is necessary to orderly adjudication. Third, GM faces prejudice from continued uncertainty and expense in litigating claims to which no response has been made. Fourth, although disposition on the merits is generally preferred, Plaintiff's inaction outweighs merit-based preference. Finally, no lesser sanction would be effective under the circumstances. Plaintiffs had normal notice and opportunity to respond and have not done so.

Additionally, the lack of a filed opposition within the time required by Civil Local Rule 7.1(e)(2) constitutes consent to granting the motion under Civil Local Rule 7.1(f)(3)(c).

## V. CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 12(b)(6), 41(b), and Civil Local Rules 7.1 and 83.1, the Court hereby ORDERS as follows:

1. Defendant GM's Moton to Dismiss (ECF No. 4) is **GRANTED**;
2. Plaintiff's Fourth and Fifth Causes of Action are **DISMISSED WITHOUT PREJUDICE** for lack of opposition.

**IT IS SO ORDERED.**

DATED:   May 16, 2025

**HON. ROGER T. BENITEZ**
United States District Judge